IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CRAIG BARNES** | Civil Action No.: 2:17-cv-279 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY DEMANDED** |
| **ABRAHAM, INC. [MARATHON FOOD CENTER]** | |
| Defendant. | |

Plaintiff Craig Barnes ("Plaintiff"), by and through counsel, files this Complaint against Defendant Abraham, Inc. [Marathon Food Center] ("Defendant" or "Marathon") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and the Ohio Constitution, Oh. Const. Art. II § 34a, and states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the FLSA, a federal statute.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

3. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367 as to claims under the Ohio Wage Acts and the Ohio Constitution.

## PARTIES

4. Plaintiff Craig Barnes is an adult individual residing at 2484 Penwood Pl., Columbus Ohio 43211. Plaintiff worked for Defendant from approximately March 2013 to approximately September 2015.

5. During relevant times, Defendant Abraham, Inc. has been a for-profit corporation registered with the State of Ohio. Defendant is located at 1401 Sullivant. Ave., Columbus Ohio, 43223, and can be served through its Statutory Agent, Abraham Araia, at 1401 Sullivant Ave., Columbus, OH 43223.

6. Defendant is actively doing business in this judicial district. Defendant is and has been an "employer" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

## FACTUAL ALLEGATIONS

7. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

8. Defendant owns and operates a Marathon Food Center located at 1401 Sullivant Ave., Columbus Ohio.

9. During relevant times, Defendant has been an employer of Plaintiff within the meaning of 29 U.S.C. § 203(d).

10. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

11. During relevant times, Defendant conducted business in interstate commerce by preparing and selling food, beverages, and other products that were moved or traveled through the instrumentalities of interstate commerce to customers.

12. During relevant times, Plaintiff was an individual engaged in commerce or the production of goods for commerce.

13. Defendant first engaged Plaintiff to work at Marathon in March of 2013, whereby Defendant verbally promised Plaintiff that he would become a "full-time employee" in seven (7) months.

14. Plaintiff started working for Defendant in March of 2013, with the expectation that he would be paid and was entitled to wages for time spent working for Defendant.

15. As a form of compensation, Defendant occasionally made payments to Plaintiff for Plaintiff's utility bills, cell phone bills, or car payments; however, such payments were inconsistent and entirely unrelated to the work Plaintiff performed for Defendant, and did not even come close to the minimum wages and overtime pay to which Plaintiff was entitled.

16. After the seven (7) months had passed (approximately October 2013), Plaintiff's employment relationship with Defendant remained the same, and despite Plaintiff working

consistently for Defendant's benefit at Marathon from March 2013 until September 2015, Defendant failed to pay Plaintiff any hourly wages for the duration of Plaintiff's employment.

17. Based on the economic realities of the relationship between Defendant and Plaintiff, it is clear that the Plaintiff is an "employee" for purposes of FLSA coverage, because: (a) Defendant micromanages the manner in which Plaintiff perform work, leaving them with little independent discretion or control over their jobs; (b) Plaintiff has no opportunity for profit or loss depending upon his managerial skill; (c) the services rendered by Plaintiff do not require any special skills beyond those easily obtained through routine on-the-job training; (d) Plaintiff held a permanent position working for Defendant and could not realistically pursue other business opportunities; and (e) the services rendered by Plaintiff are an integral part of Defendant's business.

18. Plaintiff regularly worked more than forty (40) hours per week, typically working approximately six (6) to seven (7) days per week, for a total of approximately at least fifty (50) hours per week, often times more than sixty (60) hours per week.

19. Typically, Plaintiff worked from 11:00AM to 8:00PM on Mondays, Tuesdays, and Wednesdays, and twelve (12) to fourteen (14) hours on Thursdays and Fridays. On the weekends, his hours would vary but typically ranged from four (4) to six (6) hours on Saturdays and Sundays.

20. Defendant exercised a high degree of control over Plaintiff and instructed him to perform job duties which included stocking Defendant's shelves, coolers, and pop machines; working as Defendant's security detail; driving a company vehicle to run errands for the store, including making trips to the bank and picking up food to stock the store; working in the kitchen; preparing and cooking food to sell to Defendant's customers, including chicken, pizza, and

French fries; hosing down and cleaning the floors, counter tops, windows, and bathrooms; and sweeping and picking up trash outside.

21. During relevant times, Defendant employed approximately seven (7) to ten (10) employees, who performed the same or similar job duties as Plaintiff.

22. During relevant times, the federal minimum wage has been $7.25 per hour.

23. During relevant times, the Ohio minimum wage has been $7.85 in 2013, $7.95 in 2014, $8.10 in 2015.

24. During relevant times, Plaintiff was not paid the full minimum wage under federal and Ohio law for all hours worked, nor was Plaintiff paid overtime compensation for hours worked in excess of forty (40) per workweek.

25. Defendant is required by the FLSA and the Ohio Wage Act to keep records of the hours worked by Plaintiff but Defendants did not keep such records.

26. Defendant typically paid Plaintiff in cash or check, rather than paystubs.

27. During relevant times, Defendant directly or indirectly hired Plaintiff, controlled his work schedules and conditions of employment, and determined the rate and method of the payment of wages.

28. During relevant times, Defendant maintained control, oversight, and direction over Plaintiff.

29. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the minimum wage payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

30. On March 29, 2017, Defendant responded to Plaintiff's R.C. § 4111.14(G) Payroll Records Request and stated that "the Company does not have documents responsive to your request."

31. Defendant had knowledge of and acted willfully in regards to the conduct described herein.

32. Defendant's wrongful acts and/or omissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor, Ohio Department of Commerce or any administrative practice or enforcement policy of such departments.

**CAUSES OF ACTION**

**COUNT I**
**Minimum Wage and Overtime Violations of the FLSA**

33. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

34. During relevant times, Defendant was an "employer" covered by the overtime and minimum wage requirements set forth in the FLSA.

35. During relevant times, Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

36. Plaintiff was required by Defendant to work, and regularly did work, in excess of forty (40) hours in a workweek.

37. During relevant times, Plaintiff was not exempt from receiving FLSA minimum wage or overtime benefits because, *inter alia*, he was not "executive," "computer,"

"administrative," "professional" or "computer" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

38. During relevant times, Plaintiff was not exempt under any other exemptions.

39. During relevant times, Defendant failed to pay Plaintiff minimum wages for all hours worked in a workweek, in violation of the FLSA.

40. During relevant times, Defendant failed to pay Plaintiff overtime compensation at time and a half (1.5) of his regular rates of pay for hours worked in excess of 40 in a workweek, in violation of the FLSA.

41. Defendant's policy and practice, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

42. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

43. Plaintiff has been harmed and continues to be harmed by Defendant's acts or omissions described herein.

44. As a result of the foregoing, Plaintiff was illegally denied minimum wage and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

45. The exact total amount of compensation, including minimum wage and overtime compensation that Defendants have failed to pay the Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or was not kept by Defendant.

## COUNT II
## Minimum Wage Violations of the Ohio Wage Act and the Ohio Constitution

46. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

47. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq.; see also* 29 U.S.C. § 206(b).

48. During relevant times, Plaintiff was a covered employee entitled to the Ohio Wage Act's protections.

49. During relevant times, Defendant was an entity covered by the Ohio Constitution Art. II, § 34; and Plaintiff was employed by Defendant within the meaning of the Ohio Constitution Art. II, § 34.

50. During relevant times, Defendant was a covered employer required to comply with the Ohio Wage Act's and the Ohio Constitution's mandates.

51. During relevant times, Plaintiff was not exempt from receiving the Ohio minimum wage because, *inter alia*, he was not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

52. During relevant times, Plaintiff was not exempt under any other exemption.

53. During relevant times, Plaintiff was employed by Defendant.

54. During relevant times, Plaintiff and the Ohio Collective Members were required by Defendants to work, and regularly did work, over 40 hours in a workweek.

55. During relevant times, Defendant failed to pay Plaintiff at least the Ohio minimum wage per hour for all hours worked in a workweek, in violation of Ohio law.

56. Defendant's policy and practice, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

57. Because Defendant violated the Ohio Wage Act's and the Ohio Constitution's minimum wage requirements a three (3) year statute of limitations applies to such violation, pursuant to O.R.C. §4111.14(K).

58. Plaintiff has been harmed and continues to be harmed by Defendant's acts or omissions described herein.

59. As a result of the foregoing, Plaintiff was illegally denied the Ohio minimum wage, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, plus and additional two-times the unpaid wages, costs, reasonable attorney's fees and other compensation pursuant to O.R.C. §4111.14(J).

60. The exact total amount of compensation, including minimum wage and overtime compensation that Defendant has failed to pay the Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

## COUNT III
### Overtime Violations of the Ohio Wage Act

61. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

62. During relevant times, Plaintiff was employed by Defendant, and Defendant was an employer covered by the overtime requirements set forth in the Ohio Wage Act.

63. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the

exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

64. During relevant times, Plaintiff was a covered employee entitled to the Ohio Wage Act's protection.

65. As an employee for Defendant, Plaintiff worked in excess of the maximum weekly hours permitted under O.R.C. §4111.03, but was not paid overtime wages for this time spent working.

66. Defendant failed to pay Plaintiff overtime compensation at time and a half (1.5) of his regular rate of pay for hours worked in a work week in excess of 40 in a workweek.

67. Defendant willfully violated Ohio law in the withholding of overtime compensation.

68. Plaintiff has been harmed and continues to be harmed by Defendant's acts or omissions described herein.

69. The exact total amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

70. The Ohio Revised Code requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review his records of hours worked to determine the exact amount of overtime wages owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff is entitled to submit his information about the number of hours worked.

71. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred; and request all unpaid overtime compensation and other relief as allowed by Ohio law.

## COUNT IV
### Violation of the OPPA

72. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

73. During relevant times, Plaintiff was employed by Defendant.

74. During relevant times, Defendant was an entity covered by the OPPA; and Plaintiff was employed by Defendant within the meaning of the OPPA.

75. The OPPA requires that the Defendant pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

76. During relevant times, Plaintiff was not paid wages, either a minimum wage or overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

77. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

78. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT V
### Recordkeeping Violations of the Ohio Wage Law

79. All of the preceding paragraphs are realleged as if fully rewritten herein.

80. The Ohio Wage Law requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

81. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Law's mandates, and Plaintiff was a covered employee entitled to the protection of the Ohio Wage Law.

82. During times material to this Complaint, Defendant violated the Ohio Wage Act with respect to the Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

83. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

(A) Awarding to Plaintiff unpaid compensation, including unpaid minimum wage and overtime compensation owed to Plaintiff under the FLSA 29 U.S.C. § 201, *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*, the Ohio Wage Acts, and the Ohio Constitution;

(B) Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff during the applicable statutory period;

(C) Judgment against Defendant for all unpaid minimum wage and overtime compensation and any liquidated damages allowed by Ohio law for Plaintiff, including but not limited to liquidated damages provided O.R.C. §4111.14(J);

(D) An order directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

(E) Judgment for any and all civil penalties to which Plaintiff may be entitled; and

(F) Such other and further relief as to this Court may deem necessary, just and proper.

Dated: April 7, 2017         Respectfully submitted,

**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Molly K. Tefend (OH Bar No. 0093574)
250 E. Broad St., 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: bderose@barkanmeizlish.com
    mtefend@barkanmeizlish.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Robert E. DeRose*
Robert E. DeRose