# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CRAIG BARNES,**

    Plaintiff,

v.

**ABRAHAM, INC.,**

    Defendant.

Case No. 2:17-cv-279
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant Abraham, Inc.'s Motion for Relief from Judgment (ECF No. 32). Defendant moves under Federal Rule of Civil Procedure 60(b) for the Court to set aside its November 28, 2017 Judgment (ECF No. 29) awarding Plaintiff Craig Barnes damages, attorney fees, and expenses. For the following reasons, Defendant's Motion is **DENIED**.

## I.

Alleging claims under the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, and Article II, § 34a of the Ohio Constitution, Plaintiff filed this case against Defendant on April 7, 2017. (Compl. at 1, ECF No. 1.) Plaintiff served Defendant with a summons and Complaint on April 21, 2017. (Proof of Service at PageID 25, ECF No. 6.)

Defendant did not answer or otherwise respond to the Complaint, so on May 15, 2017, Plaintiff moved for an entry of default against Defendant. (Req. for Entry of Default at 1, ECF No. 7.) The Clerk of Court entered default that same day. (First Entry of Default at 1, ECF No. 8.)

On the joint motion of the parties, the Court vacated this entry of default on May 31, 2017. (May 31, 2017 Order at 1, ECF No. 12.) The Court instructed Defendant that it had through July 29, 2017, to respond to the Complaint. (*Id.*)

On July 11, 2017, defense counsel moved for leave to withdraw. (Mot. to Withdraw at 1, ECF No. 15.) The Court gave Defendant twenty-one days to respond to its counsel's motion, and the Court extended Defendant's deadline for responding to the Complaint. (July 12, 2017 Order at 1, ECF No. 16.) The Court cautioned Defendant that non-attorneys are not permitted to appear or maintain litigation on behalf of a corporation and that Defendant would need to retain an attorney to file an answer and further defend against Plaintiff's claims. (*Id.* at 1–2.)

Defendant did not respond to its counsel's motion, so on August 3, 2017, the Court granted defense counsel leave to withdraw. (Aug. 3, 2017 Order at 1, ECF No. 19.) In its Order, the Court directed Defendant to answer Plaintiff's Complaint within fourteen days. (*Id.* at 2.) The Court again informed Defendant that it needed to obtain new counsel because non-attorneys are not permitted to represent a corporation. (*Id.* at 1.) Defendant's failure to comply with these instructions could result in the Court entering default judgment in Plaintiff's favor, the Court warned. (*Id.* at 1–2.)

Fourteen days passed and Defendant did not obtain new counsel or answer the Complaint. Consequently, Plaintiff applied for a new entry of default, which the Clerk entered on August 23, 2017. (Second Entry of Default at 1, ECF No. 21.)

The Court held an in-person status conference the next day. Defendant's non-attorney manager, Abner Knife, appeared on Defendant's behalf. (Sept. 14, 2017 Order at 1, ECF No. 22.) During the conference, the Court reiterated to Mr. Knife that Defendant needed to obtain counsel to continue defending the case. (*Id.*)

2

Defendant did not obtain counsel, so on September 14, 2017, the Court set a status conference for September 29, 2017. (Sept. 14, 2017 Order at 1.) In its Order, the Court again explained that a corporation may only appear in federal court through counsel. (*Id.* at 1–2.) Defendant therefore needed to be represented by an attorney at the conference, the Court stated. (*Id.* at 1.)

No one appeared on Defendant's behalf at the September 29 status conference. (Oct. 3, 2017 Show Cause Order at 1, ECF No. 25.) Defendant did not offer any explanation for its absence, nor did Defendant make any effort to continue the conference. (*See id.*)

On October 3, 2017, Plaintiff filed his Motion for Default Judgment (ECF No. 24) and the Court issued a Show Cause Order. (Oct. 3, 2017 Show Cause Order at 1.) The Order instructed Defendant to show cause within fourteen days why Plaintiff's Motion for Default Judgment should not be granted. (*Id.*) The Court cautioned Defendant that failure to comply with the Order would result in the Court entering default judgment in Plaintiff's favor. (*Id.* at 1–2.)

More than fourteen days passed, and Defendant did not respond to the Show Cause Order. Defendant, moreover, did not obtain new counsel or respond to Plaintiff's Motion for Default Judgment. Consequently, on November 28, 2017, the Court granted in part and denied in part Plaintiff's request for default judgment and awarded Plaintiff $90,233.46 in damages, $12,246.66 in attorney fees, and $415.61 in expenses. (Nov. 28, 2017 Op. & Order at 1, 12, ECF No. 28.) The Court entered Judgment that same day. (J. in a Civil Case at 1, ECF No. 29.)

Arguing that the Court should set aside its Judgment under Federal Rule of Civil Procedure 60(b), Defendant filed the present Motion (ECF No. 32) on March 20, 2018.

## II.

A court may provide relief from a final judgment, order, or proceeding under Rule 60(b)

for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party invoking Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

Defendant requests relief under subsections (1), (2), and (6).

**A.     Rule 60(b)(1)**

Defendant contends that it is entitled to relief under Rule 60(b)(1) because "mail on Defendant has been problematical from the start of the case. Mail issued to Defendant has been repeatedly sent to an incorrect address on Dana Avenue." (Mot. at 2, ECF No. 32.) In support of this assertion, Defendant cites an affidavit in which Abner Knife, the manager of the Marathon Food Center owned by Defendant, states that he did not receive (i) the Court's October 3, 2017 Show Cause Order (ECF No. 25) and (ii) an October 20, 2017 Notice (ECF No. 26) filed by Plaintiff. (Knife Aff. at PageID 160, ECF No. 32-1.) Mr. Knife acknowledges attending an in-person conference before the Court. (*Id.*) During the conference, the Court purportedly informed

4

him that it would send further instructions on how he should proceed. (*Id.*) Those instructions never arrived though, Mr. Knife avers. (*Id.*)

Rule 60(b)(1) is intended to provide relief in only two situations: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). In determining whether relief is appropriate under this subsection, courts consider three factors: (a) whether the neglect was excusable; (b) whether the opposing party will be prejudiced; and (c) whether the party holds a meritorious underlying claim or defense. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457–58 (6th Cir. 2011); *see Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980). If a party cannot show that its neglect was excusable, the court need not consider the remaining factors. *See Flynn*, 440 F. App'x at 458.

Defendant contends that it did not receive the Show Cause Order because the document was sent by the Court to an incorrect address. Plaintiff, however, also sent a copy of the Show Cause Order to Defendant. (Notice at 1, ECF No. 26.) And the tracking information for the copy sent by Plaintiff shows that the copy was sent to the correct address—1401 Sullivant Ave., Columbus, Ohio 43223—but that Defendant refused to accept it. (*See* Tracking Results at PageID 134–35, ECF No. 26-1.)

Defendant also claims that it did not receive from the Court a Notice filed by Plaintiff. In the Notice, Plaintiff represents that he sent a copy of the Show Cause Order to Defendant but that Defendant refused the copy. (Notice at 1.)

Assuming that Defendant did not receive the Show Cause Order and Notice, Defendant still would have known about Plaintiff's claims against it, and Defendant still would have known

5

that it needed to obtain counsel and respond to the Complaint and Motion for Default Judgment to avoid having default judgment entered against it. In the Show Cause Order, the Court directed Defendant to show cause why Plaintiff's Motion for Default Judgment should not be granted. (Oct. 3, 2017 Show Cause Order at 1, ECF No. 25.) The Court did not issue the Show Cause Order in isolation though. The Show Cause Order was the last of four orders in which the Court informed Defendant that it needed to obtain counsel to continue defending against Plaintiff's claims. (*See* July 12, 2017 Order at 1–2, ECF No. 16; Aug. 3, 2017 Order at 1–2, ECF No. 19; Sept. 14, 2017 Order at 1–2, ECF No. 22; Oct. 3, 2017 Show Cause Order at 1–2.) Defendant does not deny receiving the Court's earlier orders, nor does Defendant deny receiving the Motion for Default Judgment. (*See* Mot. at 2; *see also* Knife Aff. at PageID 160.)

Defendant does not dispute that Mr. Knife attended an in-person conference before the Court on August 24, 2017. (*See* Knife Aff. at PageID 160.) But according to Mr. Knife,

> the Magistrate Judge informed me that the Court would send me a letter or order about what I needed to do. After I attended the conference I did not receive any correspondence from the Court. Had I received such a letter from the Court I would have acted on the instructions in the letter or order.

(*Id.*)

Contrary to Mr. Knife's recollection, the Court did not instruct Mr. Knife to wait for further correspondence on how he should proceed. (*See* Sept. 14, 2017 Order at 1; Oct. 3, 2017 Show Cause Order at 1.) The Court explained to Mr. Knife that Defendant needed to obtain counsel to continue defending against Plaintiff's claims because only an attorney can represent a corporation in federal court. (*See* Sept. 14, 2017 Order at 1; Oct. 3, 2017 Show Cause Order at 1.) Despite this admonition, Defendant did not obtain counsel, nor did Defendant take any other steps to continue defending against Plaintiff's claims.

Under these circumstances, the Court cannot conclude that Defendant's neglect in defending against Plaintiff's claims was excusable, and Defendant is therefore not entitled to relief under Rule 60(b)(1).

**B.     Rule 60(b)(2)**

Defendant next argues that Rule 60(b)(2) entitles it to relief because "the returned mail in the court file can be seen as newly discovered evidence . . . . If Defendant did not receive process, pleadings, and letters from the Court then these documents would be newly discovered to Defendant." (Mot. at 2, ECF No. 32 (citation omitted).)

Rule 60(b)(2) applies where a party has discovered new evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial. Fed. R. Civ. P. 60(b)(2). To prevail on a motion brought under this subsection, a party must demonstrate that (1) it exercised due diligence in obtaining the evidence and (2) the evidence is material, controlling, and clearly would have produced a different result if presented before the original judgment was issued. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).

Defendant claims to have recently discovered the Show Cause Order and Notice. (*See* Mot. at 2 (citing Knife Aff. at PageID 160, ECF No. 32-1).) But these documents are not evidence. *See* Black's Law Dictionary 280 (4th pocket ed. 2011) (defining "evidence" as "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). And even if these documents were evidence, Defendant has given no indication of how these documents are material and controlling or how the documents, if presented to the Court before the Judgment was issued, would have produced a different result in this case.

7

Defendant has also failed to demonstrate that it exercised due diligence in obtaining the Show Cause Order and Notice. The mail tracking information discussed earlier shows that Defendant refused delivery of the Show Cause Order sent by Plaintiff. (*See* Tracking Results at PageID 134–35, ECF No. 26-1.) And although the Court issued its Opinion and Order granting default judgment to Plaintiff on November 28, 2017, Defendant waited until March 20, 2018, to file the present Motion and assert its newly discovered evidence argument.

Defendant is not entitled to relief under Rule 60(b)(2).

## C.     Rule 60(b)(6)

Lastly, Defendant contends that it is entitled to relief under Rule 60(b)(6) because it has a strong defense to Plaintiff's claims. (Mot. at 2, ECF No. 32.) Through affidavits from Mr. Knife and Yodit Arefaine (an employee at the Marathon Food Center), Defendant avers that Plaintiff was not its employee. (*Id.*; *see* Knife Aff. at PageID 157, ECF No. 32-1; Arefaine Aff. at PageID 167, ECF No. 32-5.) In support of this assertion, Defendant directs the Court to a workers' compensation claim submitted by Plaintiff that was recently denied because Plaintiff failed to prove that he was Defendant's employee. (*See* Knife Aff. at PageID 157–58, 160–61 (citing Workers' Comp. R. at PageID 162–64, ECF Nos. 32-2, 32-3).)

Rule 60(b)'s catchall category, subsection (6), permits a court to reopen a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" and where principles of equity mandate relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). To determine whether a case presents extraordinary circumstances, a court may consider, among other things, "the risk of injustice to

the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)).

Defendant may have a meritorious defense to Plaintiff's claims. Plaintiff insists that he was an employee; Defendant contends that he was not. A jury would likely need to resolve the issue.

Defendant, however, has failed to establish why its potential defense to Plaintiff's claims represents an exceptional or extraordinary circumstance. Defendant has also failed to show why Rule 60(b)(6) rather than Rule 60(b)(1) should apply to its request for relief. The core of Defendant's Motion is that Defendant did not receive the Show Cause Order and Notice from the Court and therefore could not defend against Plaintiff's claims. (*See* Mot. at 2.) Defendant argues, in other words, that its failure to defend was excusable neglect—a circumstance covered by Rule 60(b)(1). The Court has already rejected Defendant's Rule 60(b)(1) argument though, and Defendant cannot now reassert that argument—with the additional contention that Defendant has a meritorious defense—under Rule 60(b)(6).

### III.

For these reasons, Defendant's Motion for Relief from Judgment (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED.**

6-25-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE